UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                    :
MYRON GIBSON,                                       :
                                                    :
                              Plaintiff,            :     **ORDER ADOPTING REPORT**
                                                    :     **AND RECOMMENDATION**
                                                    :
              - against -                           :
                                                    :     1:03-cv-2433-ENV-LB
                                                    :
LORILLARD TOBACCO COMPANY,                           :
                                                    :
                              Defendant.            :
                                                    :
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2007
P.M.
TIME A.M.

VITALIANO, D.J.

        By letter dated December 12, 2006, defendant requested that Magistrate Judge Bloom

dismiss this action due to plaintiff's repeated failures to comply with court orders. On December

29, 2006, Magistrate Judge Bloom issued a Report and Recommendation recommending that the

Court dismiss this action, pursuant to Fed. R. Civ. P. 37. The Report and Recommendation,

which was mailed to plaintiff, stated the following:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal
> Rules of Civil Procedure, the parties shall have ten (10) days from
> service of this Report to file written objections. See also Fed. R. Civ.
> P. 6. Such objections (and any responses to objections) shall be filed
> with the Clerk of the Court. Any request for an extension of time to
> file objections must be made within the ten day period. Failure to file
> a timely objection to this Report generally waives any further judicial
> review.

Gibson v. Lorillard Tobacco Co., No. 03-cv-2433, Report and Recommendation, at 4 (E.D.N.Y.

Dec. 29, 2006). To date, plaintiff has not filed an objection to Magistrate Judge Bloom's Report

and Recommendation. The time to do so has now passed.

When reviewing a magistrate judge's Report and Recommendation, a district judge "may

accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. §

636(b)(1)(C). When, as here, no timely objection has been made to the Report and

Recommendation, the court "need only satisfy itself that there is no clear error on the face of the

record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v.

Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). It matters not that a litigant is *pro se*, so long

as the Report and Recommendation includes language explaining the consequence of a failure to

object, like that quoted above. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993). Here, the

standard of review is irrelevant, as this Court has thoroughly reviewed the record and would have

come to the same conclusion had the request for a case-dispositive sanction been directed to it in

the first place.

Magistrate Judge Bloom commendably supervised discovery in this matter, affording *pro*

*se* plaintiff more than a fair number of chances to avoid this most unfortunate outcome. Plaintiff

commenced the action in May of 2003. Since then, he has repeatedly failed to comply with

discovery requests and court orders. Defendant initially sought dismissal on these grounds over a

year ago, on January 19, 2006. Over the past year, Magistrate Judge Bloom has issued a series of

orders warning plaintiff that the case would be dismissed if he failed to adequately respond to

discovery requests. On March 22, 2006, plaintiff was granted "one final opportunity." Still

plaintiff failed to respond fully to discovery requests, and he was again warned, on June 16,

2006, that the case would be dismissed if he continued to disregard court orders. On October 17,

2006, Magistrate Judge Bloom issued yet another order directing plaintiff to submit to a

2

deposition by November 20, 2006, a deadline that was subsequently extended to December 15, 2006. By letter dated December 12, 2006, defense counsel informed the Court that plaintiff had twice failed to appear for his scheduled deposition. In both instances, plaintiff failed to contact defense counsel until the morning of the scheduled deposition, and even then, plaintiff faxed defendant on the first occasion and had his wife call on the second occasion. Defendant was thus left to incur unnecessary preparation costs, *e.g.*, arranging for a court reporter.

Given the history of this case, dismissal is the most appropriate response to plaintiff's repeated failures; this case cannot sit in limbo indefinitely. Defendant is entitled to defend itself and should not be subjected to unnecessary costs created by plaintiff's disregard of court orders and discovery obligations. As such, upon a full review of the record, the Court finds Magistrate Judge Bloom's Report and Recommendation to be correct, comprehensive, and well-reasoned. It is thus adopted in full, and this action is dismissed with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
January 26, 2007

ERIC N. VITALIANO
United States District Judge

3